**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH ZAGAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:10-cv-146 |
| vs. | ) | |
| | ) | |
| DONALD A. COX and REGENT ASSET | ) | |
| MANAGEMENT SOLUTIONS, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, JOSEPH ZAGAR, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendants, DONALD A. COX and REGENT ASSET MANAGEMENT SOLUTIONS, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

**JURISDICTION AND VENUE**

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3.      Plaintiff is an individual who was at all relevant times residing in Dayton, Ohio.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

6.      On information and belief, Defendant, DONALD A. COX ("Cox"), is an individual who runs a law practice as a sole proprietorship in the State of Ohio, which has its principal place of business in Columbus, Ohio.

7.      On information and belief, Defendant, REGENT ASSET MANAGEMENT SOLUTIONS, INC. ("Regent"), is a corporation of the State of Colorado, which is licensed to do business in Ohio and which has its principal place of business in Denver, Colorado.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.      On or about October 9, 2009, Cox, acting in his capacity as the attorney and/or authorized agent of Regent, began contacting Plaintiff regarding collection of a debt allegedly owed by Plaintiff to Regent.

9.      On or about October 9, 2009, Defendant sent two (2) different letters to Plaintiff setting forth different amounts allegedly owed by Plaintiff to Regent.  One letter stated that $921.60 was owed to Regent and the other stated that $1,214.34 was owed to Regent.  Copies of these letters are attached hereto as Exhibits 1 and 2 respectively.

10. On or about October 12, 2009, Defendant sent another letter to Plaintiff showing yet another amount allegedly owed to Regent, this time $2,449.11.  This letter also referenced a

different account number than the previous letters dated October 9, 2009.  A copy of this letter is attached hereto as Exhibit 3.

11.     All three of these letters stated that "our client has instructed this office to proceed with litigation upon verifying a service address," thus overshadowing Plaintiff's right to dispute the debt and/or to seek validation of the debt.

12.     All of the actions of Cox as described above were undertaken as the attorney and/or authorized agent of Regent.

13.     In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

      a.     Falsely representing the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

      b.     Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b); and

      c.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14.     As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSEPH ZAGAR, respectfully prays for a judgment against Defendants as follows:

      a.     Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

15.      Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16.      Defendants' actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17.      Defendants are "suppliers" as defined in Ohio Rev. Code § 1345.01(C), as Defendants are in the business of effecting or soliciting consumer transactions.

18.      Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendants herein.

19.      Defendants' actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20.      Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21.      As a result of Defendants' unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, JOSEPH ZAGAR, respectfully prays for a judgment against Defendants as follows:

4

a.      Statutory damages of $200.00 for each violation of the OCSPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
dlevin@attorneysforconsumers.com